UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF WEST VIRGINIA

KEVIN WAYNE THOMPSON,
a resident of Louisiana,
Plaintiff,

v.                                                                                                   Civil Action No. 2:16-cv-00213 _____

                                                                                                     Judge: _____

DONALD L. BLANKENSHIP,
a resident of Las Vegas, Nevada,

DANIEL L. STICKLER,
a resident of Kanawha County, West Virginia

and

JACKSON KELLY, PLLC,
a West Virginia Limited Liability Company,

Defendants,

## COMPLAINT

### PARTIES

1. Plaintiff, Kevin Wayne Thompson is a member of the West Virginia Bar and all relevant times a resident of New Orleans, Louisiana.

2. Defendant, Donald L. Blankenship is a resident of Las Vegas, Nevada according to representations made by his attorney on his behalf in federal court proceedings. His precise address is unknown at this time.

3. Defendant, Daniel L. Stickler is a resident of 101 Whispering Pines Lane, West Virginia.

4. Defendant, Jackson Kelly, PLLC is a West Virginia law firm with its principal place of business 1600 Laidley Tower, Charleston, West Virginia.

### ALLEGATIONS

5. In 2004, Thompson, acting as the attorney for residents of Rawl, Lick Creek, Merrimac and Sprigg in Mingo County, West Virginia, instituted suit alleging damages stemming from water contamination against Rawl Sales and Processing, Inc., an operating subsidiary of Massey Energy, Inc.

6. In his role as attorney representing clients in Mingo County, he wrote a letter on March 17, 2006 to the Mingo County Commission asking for assistance in securing funding for a municipal water line to provide clean, safe water to his clients.

7. In the letter Mr. Thompson related that he was willing to share with the Mingo County Commission evidence gathered in the lawsuit that showed Rawl Sales & Processing knowingly contaminated the water, it was done without permits and that the people of Rawl are slowly dying.

8. Mr. Thompson wrote that letter after years of consulting with expert witnesses in mining regulation, environmental science and toxicology.

9. Upon information and belief, Mr. Blankenship and his attorneys were fully aware of that Mr. Thompson has consulted experts to gain an understand of the mining practices, regulatory requirements and health impacts associated with the issues related in the letter to the Mingo County Commission.

10. On April 24, 2006, Rawl Sales & Processing, Inc., through its attorney Daniel L. Stickler of Jackson Kelly, PLLC filed a defamation suit against Mr. Thompson, Mr. Smith and their law firm, Smith and Thompson in Kanawha County, West Virginia at the offices of Smith and Thompson.

11. Five years after sending the letter to the Mingo County Commission, the West Virginia Mass Litigation Panel denied summary judgment motions filed by Rawl Sales & Processing in the underlying litigation- In re: Mingo County Coal Slurry Litigation, 10-C-5000.

12. Rawl Sales & Processing in responses to discovery indicated the decision to sue Mr. Thompson had been made by Mr. Blankenship.

13. Mr. Thompson and Mr. Smith filed a motion for summary judgment alleging that that not only were the contents of the letter to the Mingo County Commission true but further the defamation action was spurious, malicious and an abuse of process because the United States Constitution guarantees in the First Amendment that citizens may petition government to petition for redress of specific grievances.

14. Kanawha County Circuit Court Judge Jennifer Bailey granted the aforementioned Motion for Summary Judgment on January 10, 2014.

15. Throughout the pendency of the lawsuit Mr. Thompson suffered damages including but not limited to legal expenses, costs, annoyance, inconvenience and emotional distress.

## JURISDICTION

16. This Court is vested with jurisdiction by virtue of 28 U.S.C. §1332(d). Minimal diversity exists between named Plaintiff of this action, who is a citizen of the State of Louisiana, and Defendants Donald L. Blankenship, Jackson Kelly, PLLC and Daniel L. Stickler each of whom are citizens of other states. The amount in controversy exceeds $75,000

## CAUSES OF ACTION

### Count One- Abuse of Process

17. Plaintiff hereby incorporates by reference all preceding paragraphs.

18. The conduct of Defendant Blankenship constitutes abuse of process because he decided to institute a suit against the Plaintiff that was without merit in fact or in law in order to punish the Plaintiff for exercising his First Amendment right to petition government for redress of specific grievances.

19. The conduct of Defendants Daniel L. Stickler and Jackson Kelly constitute abuse of process because they either knew or should have known that it was an abuse of process to institute a suit against the Plaintiff that was without merit in fact or in law to punish the Plaintiff for exercising his First Amendment right to petition government for redress of specific grievances.

### Count Two- Malicious Prosecution

20. Plaintiff hereby incorporates by reference all preceding paragraphs.

21. The conduct of Defendant Blankenship constitutes malicious prosecution because he decided to institute a suit against the Plaintiff that was without merit in fact or in law to punish the Plaintiff for exercising his First Amendment right to petition government for redress of specific grievances.

22. The conduct of Defendants Daniel L. Stickler and Jackson Kelly constitute malicious prosecution because they instituted a suit against the Plaintiff that was without merit in fact or in law to punish the Plaintiff for exercising his First Amendment right to petition government for redress of specific grievances.

### Count Three- Negligence

23. Plaintiff hereby incorporates by reference all preceding paragraphs.

24. The conduct of Defendants Daniel L. Stickler and Jackson Kelly constitute negligence because they either knew or should have known that it was an abuse of process and malicious prosecution to institute a suit against the Plaintiff that was without merit in fact or in law to punish the Plaintiff for exercising his First Amendment right to petition government for redress of specific grievances.

### Count Four- Intentional Infliction of Emotional Distress

25. Plaintiff hereby incorporates by reference all preceding paragraphs.

26. The intentional conduct of all Defendants, intended to chill discourse and punish the Plaintiff for exercising his First Amendment rights, has caused the Plaintiff to suffer emotional distress.

### Count Five- Negligent Infliction of Emotional Distress

27. Plaintiff hereby incorporates by reference all preceding paragraphs.

28. The negligent conduct of Defendants, Daniel L. Stickler and Jackson Kelly, has caused the Plaintiff to suffer emotional distress.

### PRAYER FOR RELIEF

Whereas, based upon the foregoing allegations Plaintiff respectfully requests a trial by jury and the following damages:

1. Damages to compensate for attorney fees, costs, annoyance, inconvenience and emotional distress in such amount as may be proven at trial which would adequately compensate for the damages sustained as a result of the Defendants' conduct;

2. Punitive damage to punish the Defendants for their willful, malicious and reckless activities which did in fact cause actual damages to the Plaintiffs;

3. Award such other relief as this Court may deem just and proper.

Kevin W. Thompson,

_____
Kevin W. Thompson (WV Bar 5062)
Thompson Barney Law Firm
2030 Kanawha Blvd. East
Charleston, West Virginia 25311
Tel: (304) 343-4401
Fax: (304) 343-4405
Email: kwthompsonwv@gmail.com